UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CROWN CORK & SEAL USA, INC.,

                              **Plaintiff,**

                   v.                                3:20-CV-126
                                                              (FJS/ML)

BLUE ROCK CONSTRUCTION, INC.;
GREENMAN-PEDERSEN, INC.;
AUTOMATIC FIRE SYSTEMS, INC.;
S.A. COMUNALE CO., INC.; and
THE VIKING CORPORATION,

                              **Defendants.**
_____

APPEARANCES[1]                                                OF COUNSEL

**COUGHLIN & GERHART, LLP**                ZACHARY D. MORAHAN, ESQ.
99 Corporate Drive
P.O. Box 2039
Binghamton, New York 13902-2039
Attorneys for Plaintiff

**COZEN O'CONNOR**                            PAUL R. BARTOLACCI, ESQ.
One Liberty Place
1650 Market Street
Suite 2800
Philadelphia, Pennsylvania 19103
Attorneys for Plaintiff

**GOLDBERG SEGALLA LLP**                MATTHEW D. GUMAER, ESQ.
5786 Widewaters Parkway
Syracuse, New York 13214
Attorneys for Defendant
Blue Rock Construction, Inc.

---

[1] The Court reminds counsel that, pursuant to Local Rule 83.1(f), "[e]very attorney must update the information contained in their bar record within 14 days of a change . . . . Failure to keep this information current will result in removal from the roll of the Court." L.R. 83.1(f).

| | |
|---|---|
| **BARCLAY DAMON LLP** | **THOMAS B. CRONMILLER, ESQ.** |
| Barclay Damon Tower | **DAVID M. FULVIO, ESQ.** |
| 125 East Jefferson Street | |
| Syracuse, New York 13202 | |
| -and- | |
| 2000 Five Star Bank Plaza | |
| 100 Chestnut Street | |
| Rochester, New York 14604-2072 | |
| Attorneys for Defendant | |
| Greenman-Pedersen, Inc. | |
| | |
| **KMA ZUCKERT LLC** | **JENNIFER HUANG, ESQ.** |
| 1350 Broadway | |
| Suite 2410 | |
| New York, New York 10018 | |
| Attorneys for Defendant | |
| Automatic Fire Systems, Inc. | |
| | |
| **WEBER GALLAGHER SIMPSON** | **JAMES A. WESCOE, ESQ.** |
| **STAPLETON FIRES & NEWBY LLP** | **KATHERINE TENZINGER, ESQ.** |
| The Chrysler Building | |
| 405 Lexington Avenue | |
| 26th Floor | |
| New York, New York 10174 | |
| -and- | |
| 2000 Market Street | |
| Suite 1300 | |
| Philadelphia, Pennsylvania 19103 | |
| Attorneys for Defendant | |
| S.A. Comunale Co., Inc. | |
| | |
| **KING & SPALDING LLP** | **CHRISTINA M. CONROY, ESQ.** |
| 1185 Avenue of the Americas | **GEOFFREY DRAKE, ESQ.** |
| New York, New York 10036-4003 | **SUSAN CLARE, ESQ.** |
| -and- | **GREGORY RUEHLMANN, ESQ.** |
| 1180 Peachtree Street | **RANIA KAJAN, ESQ.** |
| Atlanta, Georgia 30309 | |
| Attorneys for Defendant | |
| The Viking Corporation | |

**SCULLIN, Senior Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. BACKGROUND**

Plaintiff, a manufacturer of aluminum cans used for beverage packaging, commenced this action in February 2020 against Defendants, in which it alleged sixteen causes of action stemming from the design and construction of its 520,000 square foot warehouse and production facility ("the facility") in Nichols, New York. *See* Dkt. No. 1, Compl., at ¶¶ 3, 17, 43-122. Plaintiff allegedly hired Defendant Blue Rock Construction, Inc., a general contractor, to perform all design, engineering, and construction services with respect to the facility. *See id.* at ¶¶ 18-19. As part of its work on the project, Defendant Blue Rock allegedly contracted with various subcontractors, including Defendant Greenman-Pederson, Inc. ("Defendant GPI"). *See id.* at ¶¶ 28-30. In what the parties refer to as the Blue Rock/GPI Contract, Defendant GPI agreed to design and engineer various fire protection systems that would be located within the facility and to test those systems for code compliance. *See id.* at ¶ 28; *see also* Dkt. No. 90-3, Norella Decl., Ex. A, at 2-11.[2] Defendant Blue Rock also subcontracted with Defendants Automatic Fire Systems, Inc. and S.A. Comunale, Co., Inc. to "design, construct, specify, fabricate, install and test the water based automatic fire protection systems" at the facility. *See* Dkt. No. 1 at ¶¶ 29-30. As part of the automatic fire suppression system, Plaintiff alleges that Defendants Blue Rock, GPI, Automatic Fire, and Comunale settled on using water-based sprinkler heads, which Defendant Viking Corporation designed, sold, and distributed. *See id.* at ¶ 32.

---

[2] All citations to Dkt. No. 90-3 refer to the page numbers that the Court's Electronic Case Filing System ("CM/ECF") generates, which appear in the upper right hand corner of those pages. Parentheticals containing section numbers are included where appropriate.

According to Plaintiff, the sprinkler heads were installed in the warehouse area and adjacent to rooftop heating units, and Defendants were aware of the rooftop heating units' locations when they installed the sprinkler heads. *See id.* at ¶¶ 35-36. The sprinkler heads had a nominal temperature rating of 165 degrees Fahrenheit, and a maximum ambient ceiling temperature rating of 100 degrees Fahrenheit. *See id.* at ¶ 38. As a result, beginning on August 12, 2019, Plaintiff alleges that the sprinkler heads in the warehouse area near the rooftop heating units opened unintentionally and without any fire or fire-related event. *See id.* at ¶ 37. Plaintiff further alleges that those unintended discharges of water damaged finished goods in the warehouse portion of the facility, along with packaging materials used to transport those finished goods to Plaintiff's customers. *See id.* at ¶ 39. Plaintiff alleges that the sprinklers' unintended discharges have cost it more than $1 million in damages. *See id.* at ¶ 40.

With respect to Defendant GPI, Plaintiff alleged that it was liable for negligence, breach of contract – or, alternatively, that Plaintiff was an intended third-party beneficiary to the breached contract – and breach of the implied warranty of workmanship and workmanlike service. *See id.* at ¶¶ 52-63. Defendant GPI has moved for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c), seeking to dismiss Plaintiff's complaint against it. *See* Dkt. No. 90. Plaintiff opposes Defendant GPI's motion and, alternatively, requests leave to amend its complaint. *See generally* Dkt. No. 92-8.

## II. DISCUSSION

### A. Legal standard

"The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." *Patel v. Contemp. Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2011) (citations omitted). Thus, when

considering such a motion, a court must "'construe plaintiff['s] complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in plaintiff['s] favor.'" *Selevan v. N.Y. Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009) (quoting *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009) (internal quotation marks omitted)). Although a plaintiff is not required to plead "detailed factual allegations," a plaintiff is required to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Finally, in deciding a motion for judgment on the pleadings, a court may consider the pleadings, documents attached thereto as exhibits, documents incorporated by reference, documents that are integral to the complaint, and matters upon which the court may take judicial notice. *See Barone v. Lawyers' Fund for Client Protection*, No. 1:21-CV-0131 (GTS/TWD), 2021 U.S. Dist. LEXIS 237393, *19 (N.D.N.Y. Dec. 13, 2021) (Suddaby, C.J.).

**B. Whether Plaintiff is precluded from suing Defendant GPI in tort and in contract**

Defendant GPI contends that Plaintiff is not an intended third-party beneficiary to the Blue Rock/GPI Contract; and, thus, Plaintiff's negligence and contract claims fail. *See* Dkt. No. 90-4 at 8-12. Plaintiff responds that it is an intended third-party beneficiary but also asserts that it has the functional equivalent of privity with Defendant GPI as part of the Blue Rock/GPI Contract, which makes it, in essence, a party to the agreement and able to enforce it against Defendant GPI. *See* Dkt. No. 92-8 at 10-17. As the Court further explains below, if Plaintiff has the functional equivalent of privity with Defendant GPI, then Plaintiff can sue Defendant GPI in contract and in tort. However, if Plaintiff does not have the functional equivalent of privity, then Plaintiff may only sue Defendant GPI in contract and in tort if it has shown that it

is an intended third-party beneficiary. The Court therefore addresses each of these issues in turn.

### 1. *Whether Plaintiff has alleged the functional equivalent of privity with Defendant GPI*

"'A viable tort claim against a professional requires that the underlying relationship between the parties be one of contract or the bond between them so close as to be the functional equivalent of contractual privity.'" *Aktas v. JMC Dev. Co., Inc.*, 877 F. Supp. 2d 1, 26 (N.D.N.Y. June 28, 2012) (quoting *Ossining Union Free Sch. Dist., v. Anderson LaRocca Anderson*, 73 N.Y.2d 417, 419, 541 N.Y.S.2d 335, 339 N.E.2d 91 (1989)). Similarly, "[i]n New York, '[l]iability for breach of contract does not lie absent proof of a contractual relationship or privity between the parties.'" *Stapleton v. Barrett Crane Design & Eng'g*, 725 F. App'x 28, 30 (2d Cir. 2018) (summary order) (quoting *Hamlet at Willow Creek Dev. Co. v. Ne. Land Dev. Corp.*, 64 A.D.3d 85, 878 N.Y.S.2d 97, 111 (2d Dep't 2009)). "However, '[e]ven if the plaintiff is not a party to [an] underlying construction contract, the [breach of contract] claim may accrue upon completion of the construction where the plaintiff is not a "stranger to the contract," and the relationship between the plaintiff and the defendant is the "functional equivalent of privity."'" *Id.* at 30-31 (quoting *Town of Oyster Bay v. Lizza Indus., Inc.,* 22 N.Y.3d 1024, 981 N.Y.S.2d 643, 4 N.E.3d 944, 948 (N.Y. 2013) (quoting *City Sch. Dist. of City of Newburgh v. Hugh Stubbins & Assocs., Inc.*, 85 N.Y.2d 535, 650 N.E.2d 399, 401, 626 N.Y.S.2d 741 (N.Y. 1995))).

Black's Law Dictionary defines "privity of contract" as "[t]he relationship between the parties to a contract, allowing them to sue each other but preventing a third party from doing so." Privity of Contract, Black's Law Dictionary (11th ed. 2019). "In order to satisfy the 'functional equivalent of privity' test, plaintiff must allege that: (1) defendant was aware that his

reports/work product were to be used for a particular purpose or purposes; (2) plaintiffs were known parties to defendant and relied on defendant's work product in furtherance of that purpose; and (3) defendant's conduct links him with plaintiffs and evinces his understanding of plaintiffs' reliance." *Aktas*, 877 F. Supp. 2d at 27 (citing *ECOR Solutions, Inc. v. Malcolm Pirnie, Inc.*, 2005 U.S. Dist. LEXIS 42993, 2005 WL 1843253, at *5 (N.D.N.Y. 2005) (citing *Credit Alliance Corp. v. Arthur Andersen & Co.*, 65 N.Y.2d 536, 551, 483 N.E.2d 110, 493 N.Y.S.2d 435 (N.Y. 1985)); *accord Stapleton*, 725 F. App'x at 31.

Defendant GPI's motion rests on the sentence contained in the Blue Rock/GPI Contract, under the heading "Miscellaneous Provisions," that provides, "[n]othing contained in this Agreement shall create a contractual relationship with or a cause of action in favor of a third party against either the Design-Builder [Defendant Blue Rock] or Engineer [Defendant GPI]." *See* Dkt. No. 90-3 at 7 (§ 3.5.4). Defendant GPI appears to argue that this sentence expresses that only Defendants Blue Rock and GPI are parties to the contract. *See* Dkt. No. 90-4 at 10-11. Because Plaintiff is not one of those parties, Defendant GPI contends that it is a third party; and, thus, no contractual relationship exists between Plaintiff and Defendant GPI. *See id*. On the contrary, Plaintiff appears to assert that it is essentially a party to the Blue Rock/GPI Contract because it has satisfied the three-part functional equivalent of privity test. *See* Dkt. No. 92-8 at 15-17.

"Under New York law, courts must consider how [a] contract would be understood 'by a reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs . . . and terminology as generally understood in the particular trade or business.'" *Great Minds v. FedEx Office & Print Servs.*, 886 F.3d 91, 94 (2d Cir. 2018) (quoting *Orchard Hill*, 830 F.3d at 156-57) (footnote omitted). "If 'specific

[contract] language is susceptible of two reasonable interpretations,' the contract is ambiguous as a matter of law." *Id.* (quoting *Ellington v. EMI Music, Inc.*, 24 N.Y.3d 239, 244, 997 N.Y.S.2d 339, 21 N.E.3d 1000 (2014) (internal quotation marks omitted)). In this case, for the reasons set forth below, the Court finds that Plaintiff has plausibly alleged that the provision in the Blue Rock/GPI Contract on which Defendant GPI relies has two reasonable interpretations depending on who or what constitutes a "third party."

First, as Defendant GPI contends, the provision may mean that the only parties to the contract and thus in privity with one another are Defendants Blue Rock and GPI, and anyone else would be a "third party." The plain language that nothing in the contract shall "create a contractual relationship" between a "third party" and "the Design-Builder or Engineer" – i.e., Defendants Blue Rock and GPI, respectively – supports this interpretation. *See* Dkt. No. 90-3 at 7 (§ 3.5.4). That the contract, on the very first page, indicates that it is between the Design-Builder and the Engineer further supports this view. *See id.* at 2. Defendants Blue Rock and GPI are also the only signatories to the contract. *See id.* at 11.

Second, as Plaintiff appears to assert, the provision may mean that the term "third party" precludes anyone who is not a party to the Blue Rock/GPI Contract from enforcing it; however, Plaintiff alleges that it is, in effect, a party to the agreement. To determine if this view is reasonable, the Court must consider whether Plaintiff has plausibly alleged that it has the functional equivalent of privity with Defendant GPI.

The first element that Plaintiff must establish to show such functional equivalent of privity is that Defendant GPI was aware that its work would be used for a particular purpose. *See Aktas*, 877 F. Supp. 2d at 27. In its complaint, Plaintiff alleges that Defendant Blue Rock "engaged [D]efendant GPI to perform and carry out the required design professional and

engineering services necessary for the design, specification, testing and code compliance of the various fire protection systems that would be incorporated in the Nichols Facility." *See* Dkt. No. 1 at ¶ 28. This allegation shows that Defendant GPI was aware that its professional design and engineering services would be used for the specific purpose of creating various fire protection systems at Plaintiff's facility.

Next, the parties agree that Plaintiff incorporated the Blue Rock/GPI Contract into its complaint to establish that it was a "known party" to Defendant GPI. *See id.* at ¶¶ 55-59. On the first page of that contract, it indicates that Defendant Blue Rock contracted with Plaintiff on a project to build the facility and that the Blue Rock/GPI Contract constituted "[t]he [e]ngineer's [p]ortion of the [p]roject[.]" *See* Dkt. No. 90-3 at 2. Plaintiff is also referenced throughout the Blue Rock/GPI Contract with respect to, among other things, its review of the project, any potential assignment of its rights to lenders, payment, delays, and indemnification. *See id.* at 4-10. Plaintiff further alleged that it relied on Defendant GPI's work product in furtherance of the project because it trusted Defendants, including Defendant GPI, to install fire protection systems that complied with the requirements necessary for occupancy of the facility as well as that would comply with applicable building codes and regulations. *See* Dkt. No. 1 at ¶¶ 33-36, 53.

Thirdly, Plaintiff pointed to evidence showing that the Blue Rock/GPI Contract and attachments further demonstrate that Defendant GPI's conduct linked the parties and evinced its understanding of Plaintiff's reliance. Specifically, Defendant GPI's engineering proposal, attached to the final contract, described the work as divided between Defendant GPI, the general contractor (Defendant Blue Rock), and the owner (Plaintiff). *See* Dkt. No. 90-3 at 15. Defendant GPI even noted that, during the programming and schematic design phase, its

employees would meet with Plaintiff and the design team to establish system requirements, assure conformance with Plaintiff's expectations, and code requirements.  *See id.*  Although Plaintiff would additionally ask that the Court consider a declaration from its Vice President for Project Management and Engineering, Brian Rogers, who attested that Defendant GPI did, in fact, communicate with Plaintiff's representatives with respect to its role in engineering and designing the fire protection systems, *see* Dkt. No. 92-8 at 16, that declaration is neither attached to nor incorporated by reference into the complaint; and, thus, the Court may not consider it.  *See, e.g.*, *Barone*, 2021 U.S. Dist. LEXIS 237393, at *19.  Nonetheless, the Court finds that each of the above-stated facts, as alleged in the complaint and in the incorporated Blue Rock/GPI Contract, plausibly allege that Defendant GPI knew about Plaintiff's reliance on its work product.  As such, the Court finds that Plaintiff has plausibly alleged that it has the functional equivalent of privity with Defendant GPI.

      Furthermore, because the Court finds that Plaintiff has plausibly alleged that it has the functional equivalent of privity with Defendant GPI, the Court additionally finds that a reasonable person could conclude that Plaintiff is not a "third party," as intended in Section 3.5.4 of the Blue Rock/GPI Contract, and that a contractual relationship may exist between Plaintiff and Defendant GPI.  Since there are two reasonable interpretations of that section of the contract, the Court would need to look to extrinsic evidence of the parties' intent when drafting the Blue Rock/GPI Contract to determine which interpretation prevails.  Thus, it would be improper to award either party relief at this juncture; and, for these reasons, the Court denies Defendant GPI's motion for judgment on the pleadings.

### 2. *Whether Plaintiff has alleged that it is an intended third-party beneficiary of the Blue Rock/GPI Contract*

In light of the Court's conclusion above and because the parties vigorously dispute this point, the Court briefly addresses whether Plaintiff has plausibly alleged that it was an intended third-party beneficiary to the Blue Rock/GPI Contract. "A plaintiff who is not in privity with a defendant may also bring a breach of contract claim by 'asserting third-party beneficiary rights under a contract.'" *Stapleton*, 725 F. App'x at 32 (quoting *Logan-Baldwin v. L.S.M. Gen. Contractors, Inc.*, 94 A.D.3d 1466, 942 N.Y.S.2d 718 (4th Dep't 2012) (citation and internal quotation marks omitted)). Specifically, "'[a] non-party may sue for breach of contract only if it is an intended, and not a mere incidental, beneficiary and even then, if not mentioned as a party to the contract, the parties' intent to benefit the third party must be apparent from the face of the contract.'" *Meissner v. Syracuse Univ.*, No. 5:20-CV-839 (TJM/ATB), 2021 U.S. Dist. LEXIS 77094, *10 (N.D.N.Y. Apr. 13, 2021) (McAvoy, S.J.) (quoting *LaSalle Nat'l Bank v. Ernst & Young, LLP*, 285 A.D.2d 101, 108, 729 N.Y.S.2d 671 (1st Dept. 2001) (internal citations omitted)). "Without 'clear contractual language evincing such intent, New York courts have demonstrated a reluctance to interpret circumstances to construe such an intent.'" *Id.* (quoting [*Lasalle Nat'l Bank*, 285 A.D.2d at 108]).

"In New York, a purported third-party beneficiary must establish the following: (1) the existence of a valid contract between other parties; (2) that the contract was intended for the third-party's benefit; and (3) that the benefit is sufficiently immediate, rather than incidental, to indicate that the contracting parties assumed a duty to compensate the third-party if the benefit is lost." *Consol. Risk Servs. v. Auto. Dealers WC Self Ins. Trust*, No. 1:06-CV-871 (FJS/RFT), 2007 U.S. Dist. LEXIS 22097, *19-*20 (N.D.N.Y. Mar. 27, 2007) (Scullin, S.J.) (citing *Cal.*

*Pub. Employees' Ret. Sys.* [*v. Shearman & Sterling*], 95 N.Y.2d [427,] 434-35 [(2000)] (quotation and other citation omitted)); *accord Meissner*, 2021 U.S. Dist. LEXIS 77094 at *10. However, it has generally "'been held that the ordinary construction contract – i.e., one which does not expressly state that the intention of the contracting parties is to benefit a third party – does not give third parties who contract with the promisee the right to enforce the latter's contract with another.'" *Bristol Vill., Inc. v. Louisiana-Pacific Corp.*, 916 F. Supp. 2d 357, 363 (W.D.N.Y. 2012) (quoting *Port Chester Elec. Constr. Corp. v. Atlas*, 40 N.Y.2d 652, 655, 357 N.E.2d 983, 986, 389 N.Y.S.2d 327 (1976)) (other citation omitted). "'Such third parties are generally considered mere incidental beneficiaries.'" *Id.* (quotation and other citation omitted).

Here, the parties do not dispute that the Blue Rock/GPI Contract is a construction contract and that it does not expressly state that Defendants Blue Rock's and GPI's intentions were to benefit Plaintiff, nor is such language anywhere in the agreement. *See generally* Dkt. No. 90-3 at 2-11. It therefore appears that this is an "ordinary construction contract," which – under New York law – does not give Plaintiff the right to enforce its general contractor's contract with the sub-contractor. *See Port Chester Electrical Constr. Corp. v. Atlas*, 40 N.Y.2d 652, 656 (N.Y. 1976); *accord Dormitory Auth. of State of N.Y. v. Samson Constr. Co.*, 30 N.Y.3d 704, 710 (2018). Thus, the Court finds that Plaintiff is not an intended third-party beneficiary to the Blue Rock/GPI Contract, and, instead, is merely an incidental third-party beneficiary. As such, the Court holds that Plaintiff may not proceed on its claims against Defendant GPI on this theory.

## III. CONCLUSION

After carefully considering the entire file in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant GPI's motion for judgment on the pleadings, *see* Dkt. No. 90, is **DENIED**;[3] and the Court further

**ORDERS** that this matter is referred to Magistrate Judge Lovric for all further pretrial matters.[4]

**IT IS SO ORDERED.**

Dated: January 28, 2022
 Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge

---

[3] However, going forward in its case against Defendant GPI, Plaintiff may not rely on the theory that it is an intentional third-party beneficiary of the Blue Rock/GPI Contract to demonstrate its entitlement to relief.

[4] Plaintiff requested that, in the alternative to denying Defendant GPI's motion, the Court grant it leave to file an amended complaint. *See* Dkt. No. 92-8 at 18-19. Although the Court denied Defendant GPI's motion for judgment on the pleadings, the Court reminds Plaintiff that it may, under certain circumstances, move for leave to file an amended complaint in the future. *See* L.R. 15.1; Fed. R. Civ. P. 15.